IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WEST VIRGINIA OIL AND NATURAL GAS
ASSOCIATION, et al.,

        Plaintiffs,

v.                            CIVIL ACTION NO. 2:08-cv-00835

RONALD L. WOOTEN, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

There are three motions currently pending before the court: Defendant Wooten's Motion to Dismiss [Docket 8]; Defendant Board of Coal Mine Health and Safety's Motion to Dismiss [Docket 10]; and the plaintiffs' Motion to Amend the Complaint [Docket 28]. I will address each of these motions individually.

**I. Background**

In October 2007, the Board of Coal Mine Health and Safety ("Board") published proposed rules that included a proposed new section entitled "Notification by Utility Companies." (Compl. 4 [Docket 1].) The proposed rules would require "reasonable notice to be given by oil, gas, and utility companies to the owner of record or the occupant of the coal property if on-site travel is expected" and "that oil, gas and utility companies mark gathering lines and that the coal companies shall conduct gas line awareness training with their employees and contractors." (*Id.* at Ex. A.) On May 12, 2008, the Board filed a Notice of Adoption of the proposed rules and proposed new section stating that they would become effective on June 16, 2008. (*Id.*) The plaintiffs filed this four count

action on June 13, 2008 against Ronald L. Wooten in his capacity as Chairman of the Board and against the Board itself. The plaintiffs argue that the proposed rules are unlawful under West Virginia state law, the United States Constitution, and various United States laws and regulations that allegedly preempt the proposed rules.

Count One of the Complaint alleges that the Board lacks jurisdiction based on its enabling legislation to promulgate the proposed rules. (*Id.* at 7; *see* W. Va. Code § 22A-6-1, et seq.) The plaintiffs contend that state law gives the West Virginia Public Service Commission ("PSC") jurisdiction to regulate certain aspects of pipeline safety. (Compl. 7.) Count One further alleges that the Natural Gas Act, 15 U.S.C. §§ 717-717z, and the Pipeline Safety Act, 49 U.S.C. §§ 60101-28, preempt the field of pipeline safety and give the United States Department of Transportation ("USDOT") sole authority to regulate the natural gas industry and pipeline safety. (*Id.*) Accordingly, Count One claims that the proposed rules usurp the authority of the USDOT and the PSC. (*Id.* at 8.)

Count Two alleges that "[t]he [p]roposed [r]ules were promulgated without proper authority or notice required by the Constitution of the State of West Virginia and the Constitution of the United States and are unconstitutionally vague." (*Id.*) Specifically, Count Two alleges that the rules violate the Due Process and Equal Protection Clauses of the United States Constitution and Article 6, Section 30 of the West Virginia Constitution. (*Id.*)

Count Three alleges that enforcement of the rules would violate the Due Process and Equal Protection Clauses of the West Virginia and United States Constitutions by imposing limitations or conditions to the entry upon and use of real property to which the plaintiffs claim rights. (*Id.* at 9-

10.)  Again, the plaintiffs allege in Count Three that the proposed rules exceed the limits of the Board's jurisdiction.  (*Id.* at 10.)

Count Four of the Complaint alleges that the proposed rules violate the Separation of Powers clause of the Constitution of the State of West Virginia because the Board does not have any authority over natural gas pipelines.  (*Id.*)  The plaintiffs also reiterate their claim that the Board exceeded the scope of its enabling jurisdiction.  (*Id.*)  In all counts, the plaintiffs seek a declaratory judgment to declare the proposed rules invalid or unenforceable, or injunctive relief to prohibit the proposed rules from going into effect.  (*Id*. at 8-10.)

On July 1, 2008, Defendant Wooten filed a Motion to Dismiss arguing that the plaintiffs' Complaint fails to state a claim against him because it names him in his capacity as the Chairman of the Board, even though the Chairman is merely an *ex officio* non-voting member of the Board. (Def. Wooten Mot. Dismiss 1-2 [Docket 8].)  Wooten argues that he "had no role in the passage or promulgation of this rule and, as Chairman, [he] has no authority to alter the rule promulgated by the Board[.]" (Def. Wooten Mem. Supp. Mot. Dismiss 3 [Docket 9].)  Further, Wooten argues that the complaint does not make any factual allegations or claims of vicarious liability against him. (Def. Wooten Mot. Dismiss 2.)

On July 3, 2008, the Board filed its own Motion to Dismiss arguing that the Eleventh Amendment of the United States Constitution bars the plaintiffs from bringing the suit against the Board in federal court.  (Def. Board Mot. Dismiss 1 [Docket 10].)  The Board also argues that Count Three should be dismissed because it fails to state a claim under the Takings Clause of the Fifth Amendment of the United States and that the plaintiffs' Complaint should be dismissed altogether for violating Rule 10 of the Federal Rules of Civil Procedure.  (*Id.*)  On July 15, 2008, the Board

also filed a Response to Defendant Wooten's Motion to Dismiss.  (Def. Board Mem. Resp. Wooten Mot. Dismiss [Docket 13].)  In its response, the Board agrees with the Wooten motion and further argues that if the Board is dismissed from the case then the entire case should be dismissed because the Board is an indispensable party under Rule 19 of the Federal Rules of Civil Procedure.  (*Id.* at 2-3.)

In response to Wooten's Motion to Dismiss, the plaintiffs argue that Wooten has broad statutory duties to enforce the regulations in his capacity as the Director of the West Virginia Office of Miners' Health Safety and Training ("OMHST").  (Pls.' Mem. Opp'n Wooten Mot. Dismiss 3 [Docket 12].)  The plaintiffs contend that Wooten's Motion to Dismiss should be denied because he has the enforcement ability in his capacity as Director despite the fact that the plaintiffs named him in his capacity as Chairman.  (*Id.* at 5.)  In the alternative, the plaintiffs argue that they should be allowed to amend their complaint to name Mr. Wooten in his capacity as Director of OMHST.  (*Id.*)  In response to the Board's Motion to Dismiss, the plaintiffs argue that the *Ex Parte Young* exception to Eleventh Amendment sovereign immunity applies.  (Pls.' Mem. Opp'n Board Mot. Dismiss 3-5 [Docket 15].)  In the alternative, the plaintiffs argue they should be given the opportunity to amend their complaint to name each officer member of the Board individually.  (*Id.* at 5.)  The plaintiffs further argue that Count Three does not allege a violation of the Takings Clause of the Fifth Amendment to the United States Constitution and the Complaint does not violate Rule 10(b).  (*Id.* at 5-9.)

On July 24, 2008, the Board replied that the plaintiffs have misinterpreted the *Ex parte Young* doctrine.  (Def. Board Reply Mem. Supp. Mot. Dismiss 1 [Docket 16].)  The Board further argued that the plaintiffs' request to name the Board members individually would not overcome the

Eleventh Amendment problem because Mr. Wooten, and not the Board members, is singularly charged with enforcing the proposed rules. (*Id.* at 2.)

Thereafter, the parties engaged in settlement discussions, during which I granted a temporary restraining order that restrained the enforcement of the proposed rules on September 17, 2008 [Docket 23]. I extended that temporary restraining order on October 6, 2008 [Docket 26] and again on October 17, 2008 [Docket 33]. Settlement discussions have reached an impasse, the temporary restraining order has elapsed, and the pending motions are now ripe for a decision.[1]

On October 14, 2008, the plaintiffs filed a Motion to Amend Complaint [Docket 28] and an accompanying memorandum [Docket 29]. The plaintiffs move to amend the Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure in order to name Mr. Wooten in his capacity as Director of the OMHST. (Pls.' Mot. Amend Compl. 2.) The Board responded to the motion reiterating its argument that the entire suit should be dismissed because the court lacks jurisdiction over the Board and the Board is an indispensable party to the suit. (Def. Board Resp. Mot. Amend [Docket 37].)

**II. Discussion**

Due to the complexity of the issues presented, I provide the following roadmap for this opinion. I will first address the Board's Motion to Dismiss and the Eleventh Amendment sovereign immunity issues raised therein. Next, I will briefly discuss Mr. Wooten's Motion to Dismiss, followed by additional jurisdictional issues that I raise *sua sponte*. I will then look at the Board's

---

[1] I note that the plaintiffs filed a Motion for Preliminary Injunction [Docket 35] and accompanying memorandum [Docket 36] on October 27, 2008. That motion is not yet ripe and remains on the docket while the court awaits a response by Defendant Wooten—the only party who would be effected by an injunction—and a potential reply by the plaintiffs.

argument that it is an indispensable party for which joinder is impossible.  Finally, I will rule on the plaintiffs' Motion to Amend.

### A.  The Board's Motion to Dismiss

The Board's Motion to Dismiss raises three arguments.  First, the Board argues that bringing this lawsuit in federal court violates the Eleventh Amendment to the United States Constitution.  The Eleventh Amendment states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state."  U.S. Const. Amend. XI.  The Supreme Court has interpreted the amendment to also apply to a suit by a citizen of a state against that state.  *Hans v. Louisiana*, 134 U.S. 1 (1890).  Further, the Eleventh Amendment prohibits naming an arm of the state as a defendant.  *See Westinghouse Elec. Corp. v. W. Va. Dep't of Highways*, 845 F.2d 468, 469 (4th Cir. 1988) ("[A] claim against the West Virginia Department of Highways is, for eleventh amendment purposes, properly considered one against the state itself.").

Exceptions to the Eleventh Amendment allow plaintiffs to bring suit against a state in federal court.  One such exception, and the exception that the plaintiffs rely upon, is the *Ex parte Young* exception that allows a suit against a state officer in certain situations when the plaintiff seeks prospective injunctive relief.  *Ex parte Young*, 209 U.S. 123, 159-60 (1908); *see also Cyrus ex rel. McSweeney v. Walker*, 409 F. Supp. 2d 748, 750 (S.D. W. Va. 2005) ("[A] state official may be sued in federal court when a plaintiff seeks prospective equitable relief for ongoing violations of federal law.") (citing *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998)).  In *Ex parte Young*, the Supreme Court concluded that state officers have no authority to violate the United States Constitution and the laws of the United States.  *Ex parte Young*, 209 U.S. at 159-60*; see also CSX*

*Transp., Inc. v. Bd. of Public Works of State of W. Va.*, 138 F.3d 537, 540-41 (4th Cir. 1998). Thus, acts by state officers in violation of federal law strip them of their state authority and a lawsuit alleging such illegal acts is not barred by the Eleventh Amendment. *Ex parte Young*, 209 U.S. at 159-60; *see also CSX Transp., Inc.*, 138 F.3d at 540 ("[B]ecause an unconstitutional statute is void, it cannot cloak an official in the state's sovereign immunity.") In practical terms, a suit seeking an injunction to stop a state from breaking federal law can be brought in federal court by naming a state officer in his or her official capacity as the defendant. *See Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 330 (4th Cir. 2001) ("[F]ederal courts may grant prospective injunctive relief against state officials to prevent ongoing violations of federal law."); *Bragg v. W. Va. Coal Ass'n*, 248 F.3d 275, 292 (4th Cir. 2001) ("[T]he *Ex parte Young* doctrine provides that a federal court has jurisdiction over a suit against a state officer to enjoin official actions that violate federal law . . . .") (internal quotations omitted). "*Ex parte Young* requires a 'special relation' between the state officer sued and the challenged statute to avoid the Eleventh Amendment's bar." *Waste Mgmt. Holdings*, 252 F.3d at 331 (citing *Ex parte Young*, 209 U.S. at 157). "In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act[.]" *Ex parte Young*, 209 U.S. at 157; *Univ. of Pittsburgh Med. Ctr. v. Walker*, Civil Action No. 2:06-0890, 2007 WL 1575060, *4 (S.D. W. Va. May 30, 2007). A general authority to enforce the laws of a state is not a close enough relation. *Waste Mgmt. Holdings*, 252 F.3d at 331.

The Board argues that because it is an arm of the State of West Virginia and it has not consented to the suit, this case must be dismissed pursuant to the Eleventh Amendment. (Def. Board Mem. Supp. Mot. Dismiss 3.) The plaintiffs respond that the *Ex parte Young* doctrine applies and

allows the Board to be sued for prospective relief to conform its conduct to federal or constitutional law. (Pls.' Mem. Opp. Board's Mot. Dismiss 3-5.) The plaintiffs argue that they are seeking prospective declaratory judgment and/or injunctive relief against state officials, which is permitted under *Ex parte Young*. (*Id.*) The plaintiffs further argue that they are seeking to remedy ongoing violations of the U.S. Constitution, West Virginia Constitution, federal law, and federal regulations. (*Id.*) In the alternative, they argue that they should be allowed to amend their complaint to name the individual members of the Board in their official capacity. (*Id.* at 5.) In reply, the Board argues that *Ex parte Young* is inapplicable because it requires a state officer who has a specific duty to enforce the challenged statute to be named in his official capacity, while this case names the Board as a whole. (Def. Board Reply Mem. Supp. Mot. Dismiss 1-2.) Further, the Board argues that even if the Complaint is amended to name the members of the Board in their official individual capacities, the case should be dismissed because the Board members do not have a duty to enforce the challenged rules as required by *Ex parte Young*—that duty rests solely with the Director of OMHST. (*Id.* at 2-3.)

Before I can determine whether the Eleventh Amendment bars the plaintiffs' suit, I must determine whether the Board is an arm of the state. Courts have typically held that agencies of the state are arms of the state and, therefore, the Eleventh Amendment bars suits against them. *See, e.g., Fla. Dep't of Health & Rehabilitative Servs. v. Fla. Nursing Home Ass'n*, 450 U.S. 147 (1981); *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459 (1945); *Westinghouse Elec. Corp.*, 845 F.2d at 469. In this case, an act of the West Virginia Legislature created the Board and gave it the power to

promulgate rules effecting coal mine health and safety.[2] Accordingly, I **FIND** that the Board is an arm of the state.

The plaintiffs' Complaint focuses on the past actions the Board took to promulgate the rules and seeks an injunction against the enforcement of the rules. The Board, however, has no role in enforcing the rules as an entity and neither do the individual members of the Board, with the lone exception of Mr. Wooten in his capacity as Director of OMHST. *See* W. Va. Code §§ 22A-1-4, -38 (noting that the Director of the Office of Miners' Health, Safety and Training has the duty to enforce the rules and regulations promulgated by the Board). The plaintiffs' Complaint seeks redress from the entity as a whole, both for past actions and for prospective injunctive relief over which neither the Board, nor its individual members have control. Because the Board is an arm of the state, and the individual Board members cannot provide the requested relief, I **FIND** that this court does not have jurisdiction. *See, e.g.*, *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam) (dismissing a claim for injunctive relief against the Alabama Board of Corrections); *Westinghouse Elec. Corp.*, 845 F.2d at 469 (4th Cir. 1988) (finding that the West Virginia Department of Highways is an arm of the state for eleventh amendment purposes).

Specifically, Count One argues that the proposed rules usurp the authority of the USDOT and the West Virginia PSC. This is a claim against the Board as a whole for past actions, not a claim against the individual Board members in their official capacity seeking injunctive relief. Count Two

---

[2] Whether a board or other collective body is an arm of the state is not always as clear as it is in this case. "Ambiguity abounds when a plaintiff sues a multimember state body: does he seek redress from the entity or from the collection of persons who constitute the entity? If the former, the suit definitely will fail because the state is the defendant; if the latter, the action may survive because the court will apply the more lenient rules that govern officer suits." John R. Pagan, *Eleventh Amendment Analysis*, 39 Ark. L. Rev. 447, 459-60 (1986) (footnotes omitted).

argues that the proposed rules were promulgated without giving proper notice to the plaintiffs and that they are unconstitutionally vague. Again, this is a claim against the Board itself as a whole for its past actions and not for any injunctive relief. Count Three alleges that the proposed rules impose limitations or conditions to the entry upon and use of real property associated with the exploration and production of natural gas. This is also a claim against the entire Board for its past acts because the only action the Board has taken is to pass the proposed rules. Count Four alleges that the proposed rules violate West Virginia law and the West Virginia Constitution. Yet again, this is an attempt to seek redress from the entire Board for its past actions promulgating the rules. Not only are these claims barred because they are against the Board as an entity for past (not prospective) actions, but an injunction against individual members of the Board would do no good because the proposed rules are already enacted and the Board has no enforcement power. Thus, the *ex Parte Young* doctrine is inapplicable. *See Waste Mgmt. Holdings*, 252 F.3d at 330 (holding that federal courts may only grant prospective injunctive relief against the state official charged with executing the allegedly unlawful state action). In this case, all enforcement power is in the hands of the Director of OMHST. W. Va. Code §§ 22A-6-1, *et seq*. For all of these reasons, the plaintiffs' claims cannot go forward against the Board because doing so would violate the Eleventh Amendment of the United States Constitution. Accordingly, the Board's Motion to Dismiss is **GRANTED** and all claims against the Board are **DISMISSED**. Since the Board's Motion to Dismiss is granted based solely on the Eleventh Amendment argument, I do not reach the Board's other two arguments for dismissal.

### B. Wooten's Motion to Dismiss

Wooten argues that this case should be dismissed against him because the plaintiffs named him in his capacity as Chairman of the Board. As discussed above, the *Ex parte Young* doctrine allows a plaintiff to bring a suit against an officer of the state only where it is seeking prospective injunctive relief *and* it names the state officer with the duty to enforce the allegedly unconstitutional regulations in his or her official capacity. *Waste Mgmt. Holdings*, 252 F.3d at 331 (citing *Ex parte Young*, 209 U.S. at 157); *Republic of Paraguay*, 134 F.3d at 627. Wooten correctly argues that as Chairman of the Board there is no action he could take to provide a remedy to the plaintiffs. *See* W. Va. Code §§ 22A-1-4, -38 (stating that the enforcement duty of the safety laws and rules belongs to the Director of OMHST).

Mr. Wooten was clearly named under the wrong title. This case is peculiar since Mr. Wooten is the Chairman of the Board only by virtue of his being Director of OMHST. *See* W. Va. Code § 22A-6-3(4) ("The seventh member of the board is the director of the office of miners' health, safety and training . . . ."). The legislature named the Director of OMHST to the position of Chairman of the Board as an *ex officio* member with limited voting power. *Id.* While the plaintiffs could have and should have named Mr. Wooten as Director of OMHST, the positions of Director and Chairman of the Board are inextricably intertwined. *Id.* It is uncontroverted that Mr. Wooten's role as Director of OMHST requires him to enforce the rules promulgated by the Board. I will not require the plaintiffs to amend their complaint in order to name Mr. Wooten as Director of OMHST when, according to West Virginia state law, naming him as Chairman of the Board necessarily names him as Director of OMHST. Thus, Defendant Wooten's Motion to Dismiss is **DENIED**.

### C. Additional Jurisdictional Issues

The Supreme Court and the Fourth Circuit are clear that federal courts do not have jurisdiction over state law claims against a state under the *Ex parte Young* doctrine. Although this jurisdictional issue was not briefed by the parties, I will address it *sua sponte*. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *Bragg*, 248 F.3d at 293. The Supreme Court has held that the purpose of the Eleventh Amendment and the *Ex parte Young* doctrine is to protect the supremacy of federal law. *Pennhurst*, 465 U.S. at 106; *Bragg*, 248 F.3d at 297. As such, there is no basis for the *Ex parte Young* doctrine when a state law violation is alleged. *See Pennhurst*, 465 U.S. at 106 ("A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority or federal law . . . [and] conflicts directly with the principles of federalism that underlie the Eleventh Amendment."). The *Ex parte Young* doctrine does not extend to claims based on state law, regardless of whether they would normally be allowed under supplemental jurisdiction. *Pennhurst*, 465 U.S. at 106; *see also Bragg*, 248 F.3d at 293 ("And as 'it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law,' sovereign immunity also bars a court's grant of any type of relief, whether retrospective or prospective, based upon a State official's violation of State law.") (citing *Pennhurst*, 465 U.S. at 106). Thus, federal courts are barred by the Eleventh Amendment from enjoining state officers from violating state law under the *Ex parte Young* doctrine.

As discussed above, Count One of the plaintiffs' Complaint argues that the Board lacked authority to promulgate the proposed rules under its enabling statute. The court has no jurisdiction over this state law claim against state officials. *See Pennhurst*, 465 U.S. at 121 (finding that the

Eleventh Amendment bars state law claims against state officials even if they come into federal court under supplemental jurisdiction). The plaintiffs' Counts Two and Three allege that the promulgation of the proposed rules violated both the West Virginia and United States Constitutions. All claims made under the West Virginia Constitution are state law claims over which this court does not have jurisdiction. Therefore, the state law claims in Counts One, Two, and Three must be severed from the complaint and dismissed. In addition, Count Four of the Complaint alleges that the proposed rules violate the Separation of Powers clause of the West Virginia Constitution, which is entirely a state law claim. This state law claim must be dismissed as well. Accordingly, I **ORDER** that Count Four of the complaint be **DISMISSED against Mr. Wooten** and all state law claims in Counts One, Two, and Three be **SEVERED** from the complaint and **DISMISSED against Mr. Wooten**.

### D. The Board's Indispensable Party Argument

In both the Board's response to the plaintiffs' Motion to Amend the Complaint and its response to Mr. Wooten's Motion to Dismiss, the Board argues that if the claims against it are dismissed for lack of jurisdiction, then the entire case must be dismissed because the Board is an indispensable party to the lawsuit pursuant to Rule 19 of the Federal Rules of Civil Procedure. Rule 19 states that if "the court cannot accord complete relief" without a person or if deciding the action without the person would "impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring . . . inconsistent obligations" then that party is a required party. *Fed. R. Civ. P.* 19(a)(1). The rule goes on to state that if a required person cannot be joined, "the court must determine whether, in equity and good conscience, the action should

proceed among the existing parties or should be dismissed." *Fed. R. Civ. P.* 19(b). In making that determination the Rule supplies factors that the court should consider:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>   (A) protective provisions in the judgment;
>   (B) shaping the relief; or
>   (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.*

I must first determine whether the Board is an indispensable party. *Coastal Modular Corp. v. Laminators, Inc.*, 635 F.2d 1102, 1108 (4th Cir. 1980). As discussed above, this court only has jurisdiction over a claim against Mr. Wooten if the remedy sought is injunctive relief stopping Mr. Wooten from enforcing the regulations. While the Board clearly had a role in writing the regulations, it plays no role in enforcing the regulations, and thus cannot be an indispensable party to any claim over which this court has jurisdiction under the *Ex parte Young* doctrine. Though I may enjoin Mr. Wooten from continuing to violate federal law if his actions do, in fact, violate federal law, the Board's actions in promulgating the rules will have no effect on that analysis. In other words, any claim over which this court has jurisdiction could be addressed by enjoining Mr. Wooten and does not require argument from the Board itself. Thus, the Board is not an indispensable party.

### E. Motion to Amend

The plaintiffs' Motion to Amend the Complaint requests that they be allowed to name Mr. Wooten in his capacity as Director of OMHST. Mr. Wooten responded with no position on the motion [Docket 40]. As explained above, an amendment to name Mr. Wooten in his capacity as

Director of OMHST is unnecessary because the Director of OMHST is necessarily the Chairman of the Board.  W. Va. Code § 22A-6-3(4).  The motion is, thus, **DENIED as moot**.

### III.  Conclusion

The Board's Motion to Dismiss is **GRANTED**.  For the reasons discussed above, all claims against the Board are **DISMISSED without prejudice**, all claims in Count Four against Mr. Wooten are **DISMISSED without prejudice**, and all state law claims in Counts One, Two, and Three against Mr. Wooten are **DISMISSED without prejudice**.  Defendant Wooten's Motion to Dismiss is **DENIED** because according to state law the Chairman of the Board is also the Director of OMHST.  The plaintiffs' Motion to Amend the Complaint in order to name Mr. Wooten in his capacity as Director of OMHST is **DENIED as moot**.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

                ENTER:       November 6, 2008

_Joseph R. Goodwin_
Joseph R. Goodwin, Chief Judge